UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-192-R

SAMUEL C. GOODMAN,                                                      PLAINTIFF,

VS.

REGINALD ODELL BILBRY, ET AL.,                                          DEFENDANTS.

## MEMORANDUM

The Defendants, Reginald Bilbry, et al., have filed a motion to dismiss. Docket # 17. A response was due on August 30, 2010. No response or request for an extension of time has been filed. Because, on the face of the complaint, the Plaintiff fails to allege facts that would support personal jurisdiction, this action is DISMISSED WITHOUT PREJUDICE.

## FACTS

Samuel Goodman, the plaintiff, alleges that he was injured in a car accident by Reginald Odell Bilbry, the defendant. Complaint, Docket #1, pg. 2. Plaintiff alleges that the car was owned by Reginald Odell-McLaughlin Bilbry, the second defendant. *Ibid.* Plaintiff alleges that both defendants are residents of North Carolina. *Id.* at 1. Plaintiff has made no allegations as to the location of the accident. Plaintiff has made no allegations as to any contacts between the state of Kentucky and the Defendants. Finally, nothing in the record indicates that the Plaintiff has accomplished service of the Defendants.

## STANDARD

For a motion to dismiss for lack of personal jurisdiction, "[t]he plaintiff bears the burden of establishing that jurisdictions exists." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)

(internal quotations omitted). "Additionally, in the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings, but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Ibid.*

Personal jurisdiction Due Process requirements can be met if (1) the Defendant is domiciled in the jurisdiction, (2) the Defendant has been served in the jurisdiction, (3) events giving rise to the cause of action occurred in the jurisdiction, or (4) the Defendant maintains continuous and systematic contacts with the jurisdiction. *Burnham v. Superior Court of California, County of Marin*, 495 U.S. 604, 611 (1990) (personal jurisdiction with personal service); *Milliken v. Meyer*, 311 U.S. 457, 462-63 (1940) (personal jurisdiction if there is domicile); *Aristech Chemical Intern. Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 627-28 (6th Cir. 1998) (courts have "general jurisdiction" over a defendant who "has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims" and "specific jurisdiction" over "claims that arise out of or relate to a defendant's contacts with the forum."). Since this is a diversity action, Kentucky personal jurisdictional requirements must be applied before looking to the Due Process requirements. *Theunissen*, 935 F.2d at 1459. However, Kentucky courts have construed the Kentucky long arm statute to "reach to the full constitutional limits of due process in entertaining jurisdiction over non-resident defendants." *Wilson v. Case*, 85 S.W.3d 589, 592. The proper disposition for lack of jurisdiction is a dismissal without prejudice. *Halloway v. Brush*, 220 F.3d 767, 778 (6th Cir. 2000).

## **DISCUSSION**

On the face of the complaint, the Plaintiff alleges that the Defendants are residents of North Carolina and therefore cannot show personal jurisdiction via domicile. The complaint does not

allege that the events took place in Kentucky or that the Defendants maintained the requisite minimum contacts with Kentucky to establish personal jurisdiction. Finally, there has also been no showing of proper service of the Defendants. Accordingly, the face of the complaint fails to establish personal jurisdiction, and this action is DISMISSED WITHOUT PREJUDICE.